# EXHIBIT D

SOUTHERN CASUALTY CLAIMS BRANCH
PO BOX 100044
DULUTH, GA 30096-9344



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To: Mata Enterprises Inc
Street and Apt. No., or PO Box No.: 6000 Harrison Rd
City, State, ZIP+4: Macon, GA 31204

PS Form 3800, January 2023 PSN 7530-02-000-9047  See Reverse for Instructions

MATA ENTERPRISES INC
6000 HARRISON RD
MACON, GA 31206-4742

Claim 300-0129108-2026



*Auto-Owners*
**INSURANCE**

LIFE · HOME · CAR · BUSINESS



**Southern Casualty Claims Branch**
PO Box 100044 | Duluth GA 30096-9344
p. 844-756-4154 | f. 517-886-8600 | auto-owners.com
SouthernCasualty.clm@aoins.com

March 6, 2026

MATA ENTERPRISES INC and
MELDIMATA LLC
6000 HARRISON RD
MACON, GA 31206-4742

<u>**CERTIFIED AND REGULAR MAIL - RETURN RECEIPT REQUESTED**</u>

| | | |
|---|---|---|
| RE: | Claim Number: | 300-0129108-2026 |
| | Insured: | MATA ENTERPRISES INC DBA DAYS INN-MACON |
| | | MELDIMATA LLC |
| | Policy Numbers: | 024618-48060782-11; 024618-48060782-12; 024618-80060782-13 |
| | Date of Loss: | September 2011 – February 2013 |
| | Location: | 6000 HARRISON RD, MACON, GA 31206-4742 |
| | Claimants: | K.J. and N.J. (collectively "Plaintiffs") |
| | Lawsuit: | K.J. and N.J. vs. MELDIMATA, LLC D/B/A DAYS INN & BRIDGEVIEW INN AND SUITES; MATA ENTERPRISES, INC.; ANKIT PATEL; B.B. PATEL; AND KANTA B. PATEL: Case No. 25-SCCV-101565; State Court of Bibb County of Georgia ("Underlying Lawsuit" or "Complaint") |

<u>**RESERVATION OF RIGHTS**</u>

Dear Meldimata LLC; Mata Enterprises, Inc.; Ankit Patel; B.B. Patel; and Kanta B. Patel,

Owners Insurance Company ("Owners") is writing in reference to the above-refenced Policies and Underlying Lawsuit. Owners issued two Tailored Protection Policies to Mata Enterprises Inc dba Days Inn-Macon ("Mata" or "Days Inn") under policy 024618-48060782-11 with the period running from 6/6/2011 to 6/6/2012 and under policy 024618-48060782-12 with the period running from 6/6/2012 to 6/6/2013 ("Policies"). Owners issued a third Tailored Protection Policy to Mata Enterprises Inc dba Days Inn-Macon with a period running from 6/6/2013 to 6/16/2014. The named insured was changed from Mata Enterprises Inc dba Days Inn-Macon to Meldimata LLC via an endorsement on 3/17/14 with an effective date of 3/13/14.

Owners been made aware of a lawsuit filed by K.J. and N.J. against Meldimata LLC d/b/a Days Inn & Bridgeview Inn and Suites; Mata Enterprises, Inc.; Ankit Patel; B.B. Patel; and Kanta B. Patel in the State Court of Bibb County of Georgia, civil action 25-SCCV-101565. We have identified questions about whether your policy provides coverage for the claims asserted or the relief sought in the Underlying Lawsuit. The Complaint alleges that Plaintiffs K.J. and N.J. were

*Auto-Owners*

trafficked for sex from approximately September 2011 through February 2013 at the Days Inn located at 6000 Harrison Rd, Macon, GA 31206. We understand it was formerly known as the Days Inn and is currently operating as the Bridgeview Inn and Suites. The Complaint asserts that all named Defendants owned, operated, maintained, controlled, managed, and were responsible for the Days Inn. The Complaint specifically asserts that Defendant Mata Enterprises, Inc owned and operated the Days Inn from 1998 to 10/21/13 and that Defendant Meldimata LLC acquired the Days Inn on 10/21/13 and later changed the dba to the Bridgeview Inn and Suites. The Complaint further alleges all named Defendants knew of the sex trafficking and prostitution at the hotel for years before, during, and after Plaintiffs' trafficking. The Complaint further asserts Days Inn profited from the trafficking.

Owners has reviewed the allegations of the Complaint filed in the Underlying Lawsuit, as well as the terms, conditions, and exclusions of the Policies. Owners reserves the right to continue its investigation and update this reservation of rights as appropriate as it has more information and time to investigate this matter. This letter is also intended to advise you that Owners will be defending all named Defendants under a complete reservation of rights.

Owners issued a Tailored Protection Insurance Policy to Mata Enterprises, Inc as outlined above, with policy periods of 6/6/2011 to 6/6/2012 and 6/6/12 to 6/6/13. Both policy periods had limits of insurance of $1,000,000 for each occurrence, $2,000,000 general aggregate liability regardless of number of occurrences, and $1,000,000 limits for personal injury and advertising injury. Owners issued a Tailored Protection Insurance Policy to Mata Enterprises Inc and the named insured was changed to Meldimata LLC via an endorsement, with a policy period of 6/6/2013 to 6/6/2014. That policy period had limits of insurance of $1,000,000 for each occurrence, $2,000,000 general aggregate liability regardless of number of occurrences, and $1,000,000 limits for personal injury and advertising injury.

The insuring agreement of the Policy state in pertinent part:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

*Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.*

*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.*

*The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured.*

*Other words and phrases that appear in quotation marks have special meaning. Refer to Section V - Definitions.*

### SECTION I – COVERAGES

## *Auto-Owners*

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

    ***a.*** *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:*

        ***(1)*** *The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and*

        ***(2)*** *Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.*

        *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.*

    ***b.*** *This insurance applies to "bodily injury" and "property damage" only if:*

        ***(1)*** *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

        ***(2)*** *The "bodily injury" or "property damage" occurs during the policy period; and*

        ***(3)*** *Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

    ***c.*** *"Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:*

        ***(1)*** *Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

*Auto-Owners*

(2) *Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*

(3) *Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*

**d.** *Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

2.  **Exclusions**
    *This insurance does not apply to:*

    **a.  Expected Or Intended Injury**

    *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

    . . .

    **o.  Personal Injury And Advertising Injury**

    *"Bodily injury" arising out of "personal injury" or "advertising injury".*

**COVERAGE B – PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**

1.  **Insuring Agreement**

    **a.**  *We will pay those sums that the insured be- comes legally obligated to pay as damages be- cause of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:*

        **(1)**  *The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*

        **(2)**  *Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

        *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments –Coverages **A** and **B**.*

    **b.**  *This insurance applies to "personal injury" or "advertising injury" caused by an offense arising out of your business but only if:*

*Auto-Owners*

(1) The "personal injury" or "advertising injury" is caused by an offense arising out of your business; and

(2) The offense causing the "personal injury" or "advertising injury" was committed in the "coverage territory" during the policy period.

2. **Exclusions**

This insurance does not apply to "personal injury" or "advertising injury":

a. **Knowing Violation Of Rights Of Another Or Intended Injury**
   (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury"; or
   (2) Expected or intended by any insured. This exclusion **a.(2),** does not apply to "personal injury".

. . .

d. **Criminal Acts**
   Arising out of a criminal act or violation of a penal statute or ordinance committed by or at the direction of the insured.

The Policies includes the following conditions:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:
   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
   e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

. . . .

*Auto-Owners*

**4.** *Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:*

    **a.** *Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;*

    **b.** *Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and*

    **c.** *Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.*

*No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.** *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*

        **(1)** *How, when and where the "occurrence" or offense took place;*

        **(2)** *The names and addresses of any injured persons and witnesses; and*

        **(3)** *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

    **b.** *If a claim is made or "suit" is brought against any insured, you must:*

        **(1)** *Immediately record the specifics of the claim or "suit" and the date received; and*

        **(2)** *Notify us as soon as practicable.*

    *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

    **c.** *You and any other involved insured must:*

        **(1)** *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

        **(2)** *Authorize us to obtain records and other information;*

*Auto-Owners*

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

The Policies include the following definitions:

### SECTION V – DEFINITIONS

2.  "Advertising injury" means injury, arising out of one or more of the following offenses:
    a.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    b.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

    c.  The use of another's advertising idea in your "advertisement"; or

    d.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

4. "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

5. "Coverage territory" means:
    a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

    b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or

    c. All other parts of the world if the injury or damage arises out of:

        (1) Goods or products made or sold by you in the territory described in a. above;

        (2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

        (3) "Personal injury" or "advertising injury" offenses that take place through the Internet or similar electronic means of communication provided the insured's responsibility to

*Auto-Owners*

pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

14. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. "Personal injury" means other than "bodily injury" arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;

   **b.** Malicious prosecution;

   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   **d.** Oral or written publication, in any manner, of material that slander or libels a person or organization or disparages a person's or organization's good, products or services; or

   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy

18. "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

21. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

   **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

*Auto-Owners*

   ***b.*** *Any other alternative dispute resolution proceeding in which such damages are claimed*
   *and to which the insured submits with our consent.*

While we have quoted specific portions of the Policy here to bring them to your attention, Owners encourages you to read the Policy in its entirety so that you are familiar with the complete wording and the totality of the coverages available. Owners further identifies the following potential issues with respect to coverage under the Policy.

Coverage Part A to the Policy only includes coverage for bodily injury and property damage arising from occurrences, which must be accidents. As set forth above, the Complaint alleges sex trafficking that occurred with the knowing support of all named Defendants. To the extent that the allegations are true, coverage may not exist for either under Coverage Part A of the Policy, and Owners reserves all rights to limit or deny coverage accordingly.

The Complaint alleges that all named Defendants were aware of and were either deliberately indifferent to or facilitated the sex trafficking enterprise. To the extent it is established that exclusion for "bodily injury," "Expected Or Intended" from the standpoint of the insured applies, all named Defendants may not be covered under the Policy. Further, the Criminal Acts exclusion under Coverage B excludes coverage for claims arising out of criminal acts. Finally, to the extent all named Defendants claim coverage under Coverage B, the exclusion for "knowing violation of rights of another" may apply, because the Complaint alleges that all named Defendants have either engaged in or turned a blind eye to trafficking at the Days Inn. For the foregoing reasons, this provision may also exclude coverage to the named Defendants under the Policy. Owners reserves all rights to limit or deny coverage accordingly.

The Complaint names Meldimata LLC d/b/a Days Inn & Bridgeview Inn and Suites; Mata Enterprises, Inc.; Ankit Patel; B.B. Patel; and Kanta B. Patel as Defendants. Mata Enterprises Inc d/b/a Days Inn is the only named insured on the policy for the period of the alleged sex trafficking – September 2011 to February 2013. Ankit Patel, B.B. Patel, and Kanta B. Patel would be considered insureds under the policy only with respect to their duties as officers or directors. Therefore, we will agree to provide a defense for Mata Enterprises Inc d/b/a Days Inn and the individuals Ankit Patel, B.B. Patel, and Kanta B. Patel; defense will be provided while still reserving our rights to limit or deny coverage should any of the above exclusions or conditions apply once more information becomes available through our investigation.

As to Meldimata LLC, there appears to be no coverage or duty to defend based on the allegations within the Complaint. Meldimata LLC was formed on or about October 15, 2013. The Complaint asserts it acquired the Days Inn on October 21, 2013. Meldimata LLC was not named as a named insured until 3/13/2014. Meldimata LLC was formed after the trafficking period and not named in the policy until after the tracking period. The policy only provides coverage for an occurrence or offense that occur within the policy period. Further, it does not appear that Meldimata LLC would not qualify as an acquired organization under the "Who Is An Insured" section. It is an LLC, which is excluded and the allegations of the complaint asserts bodily injury and personal injury or advertising injury that occurred before Meldimata LLC was formed. Despite same, Owners will provide a gratuitous defense for Meldimata LLC under this reservation of rights.

*Auto-Owners*

Owners further reserves the right to litigate all coverage issues through a declaratory judgment action, either in an independent action or by intervention in a lawsuit, to seek an allocation of covered damages or to deny coverage in whole or part on one or more potential claim, element of damages, or insured. To the extent any judgment or settlement is entered which fails to differentiate between covered and uncovered categories of damages, Owners reserve the right to deny indemnity coverage for the entire unallocated award. This reservation includes the right to seek reimbursement of any defense costs, settlement, payment, indemnity, judgment, or appeal for unjust enrichment, equitable or legal subrogation, or other theory, including by litigation if necessary.

Owners advises you that no action heretofore or hereafter taken by or on behalf of either shall be construed as a waiver of any rights either may have with respect to the policy. Owners specifically reserves the right to rely upon any and all policy and coverage defenses, and further advises you that any action taken by or on behalf of either shall in no way change, waive, invalidate or forfeit any of the terms, conditions, limitations and requirements of the policy or any of the rights that either have to deny or limit coverage pursuant to the Policy should a decision be later made that coverage under the Policy exists in whole or part.

This reservation of rights as set forth above is based upon presently available information. Owners' position may change based upon new information, if appropriate. Should the Complaint be amended, or should you become aware of additional information not known at this time, you should immediately notify Owners and provide the information, including with a copy of any amended Complaint, service papers or other documents, as required by the Policy, so that a coverage determination may be made at that time, if appropriate.

Owners trusts your understanding of the above-stated reservation of rights is clear. However, should you disagree with Owners' position, please promptly communicate your notice of disagreement to the undersigned in writing within ten (10) business days of your receipt of this letter. Likewise, if disagree with Owners defending you in this matter under a reservation of rights, please notify the undersigned in writing within ten (10) business days of your receipt of this letter.

If you wish to discuss this matter in further detail, please feel free to contact me at the phone number or email above.

Sincerely,

Cole Walters
Field Claim Representative
Southern Casualty Claims Branch

Page Intentionally Blank

SOUTHERN CASUALTY CLAIMS BRANCH
PO BOX 100044
DULUTH, GA 30096-9344

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Mata Enterprises Inc
Street and Apt. No., or PO Box No.
6000 Harrison Rd
City, State, ZIP+4®
Macon, GA 31206

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

9589 0710 5270 3443 6444 12

MATA ENTERPRISES INC
6000 HARRISON RD
MACON, GA 31206-4742

Claim 300-0134949-2026



**Auto-Owners**
**INSURANCE**

LIFE · HOME · CAR · BUSINESS



**Southern Casualty Claims Branch**
PO Box 100044 | Duluth GA 30096-9344
p. 844-756-4154 | f. 517-886-8600 | auto-owners.com
SouthernCasualty.clm@aoins.com

March 9, 2026

MATA ENTERPRISES INC and
MELDIMATA LLC
6000 HARRISON RD
MACON, GA 31206-4742

## CERTIFIED AND REGULAR MAIL - RETURN RECEIPT REQUESTED

| | | |
|---|---|---|
| RE: | Claim Number: | 300-0134949-2026 |
| | Insured: | MATA ENTERPRISES INC DBA DAYS INN-MACON |
| | | MELDIMATA LLC |
| | Policy Numbers: | 024618-48060782-11; 024618-48060782-12; 024618-80060782-13 |
| | Date of Loss: | September 2011 – February 2013 |
| | Location: | 6000 HARRISON RD, MACON, GA 31206-4742 |
| | Claimant: | K.J. |
| | Lawsuit: | K.J. and N.J. vs. MELDIMATA, LLC D/B/A DAYS INN & BRIDGEVIEW INN AND SUITES; MATA ENTERPRISES, INC.; ANKIT PATEL; B.B. PATEL; AND KANTA B. PATEL: Case No. 25-SCCV-101565; State Court of Bibb County of Georgia ("Underlying Lawsuit" or "Complaint") |

## RESERVATION OF RIGHTS

Dear Meldimata LLC; Mata Enterprises, Inc.; Ankit Patel; B.B. Patel; and Kanta B. Patel,

Owners Insurance Company ("Owners") is writing in reference to the above-refenced Policies and Underlying Lawsuit. Owners issued two Tailored Protection Policies to Mata Enterprises Inc dba Days Inn-Macon ("Mata" or "Days Inn") under policy 024618-48060782-11 with the period running from 6/6/2011 to 6/6/2012 and under policy 024618-48060782-12 with the period running from 6/6/2012 to 6/6/2013 ("Policies"). Owners issued a third Tailored Protection Policy to Mata Enterprises Inc dba Days Inn-Macon with a period running from 6/6/2013 to 6/16/2014. The named insured was changed from Mata Enterprises Inc dba Days Inn-Macon to Meldimata LLC via an endorsement on 3/17/14 with an effective date of 3/13/14.

Owners been made aware of a lawsuit filed by K.J. and N.J. (collectively "Plaintiffs") against Meldimata LLC d/b/a Days Inn & Bridgeview Inn and Suites; Mata Enterprises, Inc.; Ankit Patel; B.B. Patel; and Kanta B. Patel in the State Court of Bibb County of Georgia, civil action 25-SCCV-101565. We have identified questions about whether your policy provides coverage for the claims asserted or the relief sought in the Underlying Lawsuit. The Complaint alleges that Plaintiffs were

*Auto-Owners*

trafficked for sex from approximately September 2011 through February 2013 at the Days Inn located at 6000 Harrison Rd, Macon, GA 31206. We understand it was formerly known as the Days Inn and is currently operating as the Bridgeview Inn and Suites. The Complaint asserts that all named Defendants owned, operated, maintained, controlled, managed, and were responsible for the Days Inn. The Complaint specifically asserts that Defendant Mata Enterprises, Inc owned and operated the Days Inn from 1998 to 10/21/13 and that Defendant Meldimata LLC acquired the Days Inn on 10/21/13 and later changed the dba to the Bridgeview Inn and Suites. The Complaint further alleges all named Defendants knew of the sex trafficking and prostitution at the hotel for years before, during, and after Plaintiffs' trafficking. The Complaint further asserts Days Inn profited from the trafficking.

Owners has reviewed the allegations of the Complaint filed in the Underlying Lawsuit, as well as the terms, conditions, and exclusions of the Policies. Owners reserves the right to continue its investigation and update this reservation of rights as appropriate as it has more information and time to investigate this matter. This letter is also intended to advise you that Owners will be defending all named Defendants under a complete reservation of rights.

Owners issued a Tailored Protection Insurance Policy to Mata Enterprises, Inc as outlined above, with policy periods of 6/6/2011 to 6/6/2012 and 6/6/12 to 6/6/13. Both policy periods had limits of insurance of $1,000,000 for each occurrence, $2,000,000 general aggregate liability regardless of number of occurrences, and $1,000,000 limits for personal injury and advertising injury. Owners issued a Tailored Protection Insurance Policy to Mata Enterprises Inc and the named insured was changed to Meldimata LLC via an endorsement, with a policy period of 6/6/2013 to 6/6/2014. That policy period had limits of insurance of $1,000,000 for each occurrence, $2,000,000 general aggregate liability regardless of number of occurrences, and $1,000,000 limits for personal injury and advertising injury.

The insuring agreement of the Policy state in pertinent part:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

*Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.*

*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.*

*The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured.*

*Other words and phrases that appear in quotation marks have special meaning. Refer to Section V - Definitions.*

**SECTION I – COVERAGES**

*Auto-Owners*

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

#### 1. Insuring Agreement

**a.** *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:*

**(1)** *The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and*

**(2)** *Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.*

**b.** *This insurance applies to "bodily injury" and "property damage" only if:*

**(1)** *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

**(2)** *The "bodily injury" or "property damage" occurs during the policy period; and*

**(3)** *Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

**c.** *"Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1**. of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:*

**(1)** *Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

*Auto-Owners*

(2) *Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*

(3) *Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*

**d.** *Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

2. **Exclusions**
   *This insurance does not apply to:*

   **a. Expected Or Intended Injury**

   *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

   . . .

   **o. Personal Injury And Advertising Injury**

   *"Bodily injury" arising out of "personal injury" or "advertising injury".*

## COVERAGE B – PERSONAL INJURY AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**

   **a.** *We will pay those sums that the insured be- comes legally obligated to pay as damages be- cause of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:*

   (1) *The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*

   (2) *Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

   *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments –Coverages **A** and **B**.*

   **b.** *This insurance applies to "personal injury" or "advertising injury" caused by an offense arising out of your business but only if:*

## *Auto-Owners*

(1) The "personal injury" or "advertising injury" is caused by an offense arising out of your business; and

(2) The offense causing the "personal injury" or "advertising injury" was committed in the "coverage territory" during the policy period.

2. **Exclusions**

This insurance does not apply to "personal injury" or "advertising injury":

a. **Knowing Violation Of Rights Of Another Or Intended Injury**
    (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury"; or
    (2) Expected or intended by any insured. This exclusion **a.(2),** does not apply to "personal injury".

. . .

d. **Criminal Acts**
    Arising out of a criminal act or violation of a penal statute or ordinance committed by or at the direction of the insured.

The Policies includes the following conditions:

## *SECTION II – WHO IS AN INSURED*

1. If you are designated in the Declarations as:
    a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
    b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
    e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

. . . .

*Auto-Owners*

**4.** *Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:*

  **a.** *Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;*

  **b.** *Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and*

  **c.** *Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.*

*No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

  **a.** *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:*

   **(1)** *How, when and where the "occurrence" or offense took place;*

   **(2)** *The names and addresses of any injured persons and witnesses; and*

   **(3)** *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

  **b.** *If a claim is made or "suit" is brought against any insured, you must:*

   **(1)** *Immediately record the specifics of the claim or "suit" and the date received; and*

   **(2)** *Notify us as soon as practicable.*

  *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

  **c.** *You and any other involved insured must:*

   **(1)** *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

   **(2)** *Authorize us to obtain records and other information;*

*Auto-Owners*

(3)  *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*

(4)  *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

**d.**   *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

The Policies include the following definitions:

**SECTION V – DEFINITIONS**

**2.**  *"Advertising injury" means injury, arising out of one or more of the following offenses:*
   **a.**   *Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

   **b.**   *Oral or written publication, in any manner, of material that violates a person's right of privacy;*

   **c.**   *The use of another's advertising idea in your "advertisement"; or*

   **d.**   *Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

**4.** *"Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.*

**5.** *"Coverage territory" means:*
   **a.** *The United States of America (including its territories and possessions), Puerto Rico and Canada;*

   **b.** *International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or*

   **c.** *All other parts of the world if the injury or damage arises out of:*

      **(1)** *Goods or products made or sold by you in the territory described in **a.** above;*

      **(2)** *The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; or*

      **(3)** *"Personal injury" or "advertising injury" offenses that take place through the Internet or similar electronic means of communication provided the insured's responsibility to*

*Auto-Owners*

pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

14. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. "Personal injury" means other than "bodily injury" arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;

   **b.** Malicious prosecution;

   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   **d.** Oral or written publication, in any manner, of material that slander or libels a person or organization or disparages a person's or organization's good, products or services; or

   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy

18. "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

21. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

   **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

## *Auto-Owners*

> **b.** *Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.*

While we have quoted specific portions of the Policy here to bring them to your attention, Owners encourages you to read the Policy in its entirety so that you are familiar with the complete wording and the totality of the coverages available. Owners further identifies the following potential issues with respect to coverage under the Policy.

Coverage Part A to the Policy only includes coverage for bodily injury and property damage arising from occurrences, which must be accidents. As set forth above, the Complaint alleges sex trafficking that occurred with the knowing support of all named Defendants. To the extent that the allegations are true, coverage may not exist for either under Coverage Part A of the Policy, and Owners reserves all rights to limit or deny coverage accordingly.

The Complaint alleges that all named Defendants were aware of and were either deliberately indifferent to or facilitated the sex trafficking enterprise. To the extent it is established that exclusion for "bodily injury," "Expected Or Intended" from the standpoint of the insured applies, all named Defendants may not be covered under the Policy. Further, the Criminal Acts exclusion under Coverage B excludes coverage for claims arising out of criminal acts. Finally, to the extent all named Defendants claim coverage under Coverage B, the exclusion for "knowing violation of rights of another" may apply, because the Complaint alleges that all named Defendants have either engaged in or turned a blind eye to trafficking at the Days Inn. For the foregoing reasons, this provision may also exclude coverage to the named Defendants under the Policy. Owners reserves all rights to limit or deny coverage accordingly.

The Complaint names Meldimata LLC d/b/a Days Inn & Bridgeview Inn and Suites; Mata Enterprises, Inc.; Ankit Patel; B.B. Patel; and Kanta B. Patel as Defendants. Mata Enterprises Inc d/b/a Days Inn is the only named insured on the policy for the period of the alleged sex trafficking – September 2011 to February 2013.  Ankit Patel, B.B. Patel, and Kanta B. Patel would be considered insureds under the policy only with respect to their duties as officers or directors. Therefore, we will agree to provide a defense for Mata Enterprises Inc d/b/a Days Inn and the individuals Ankit Patel, B.B. Patel, and Kanta B. Patel; defense will be provided while still reserving our rights to limit or deny coverage should any of the above exclusions or conditions apply once more information becomes available through our investigation.

As to Meldimata LLC, there appears to be no coverage or duty to defend based on the allegations within the Complaint. Meldimata LLC was formed on or about October 15, 2013. The Complaint asserts it acquired the Days Inn on October 21, 2013. Meldimata LLC was not named as a named insured until 3/13/2014. Meldimata LLC was formed after the trafficking period and not named in the policy until after the trafficking period. The policy only provides coverage for an occurrence or offense that occur within the policy period. Further, it does not appear that Meldimata LLC would not qualify as an acquired organization under the "Who Is An Insured" section. It is an LLC, which is excluded and the allegations of the complaint assert bodily injury and personal injury or advertising injury that occurred before Meldimata LLC was formed. Despite same, Owners will provide a gratuitous defense for Meldimata LLC under this reservation of rights. If there is any judgment or liability found against Meldimata LLC that would be its personal liability.

*Auto-Owners*

Owners further reserves the right to litigate all coverage issues through a declaratory judgment action, either in an independent action or by intervention in a lawsuit, to seek an allocation of covered damages or to deny coverage in whole or part on one or more potential claim, element of damages, or insured. To the extent any judgment or settlement is entered which fails to differentiate between covered and uncovered categories of damages, Owners reserve the right to deny indemnity coverage for the entire unallocated award. This reservation includes the right to seek reimbursement of any defense costs, settlement, payment, indemnity, judgment, or appeal for unjust enrichment, equitable or legal subrogation, or other theory, including by litigation if necessary.

Owners advises you that no action heretofore or hereafter taken by or on behalf of either shall be construed as a waiver of any rights either may have with respect to the policy. Owners specifically reserves the right to rely upon any and all policy and coverage defenses, and further advises you that any action taken by or on behalf of either shall in no way change, waive, invalidate or forfeit any of the terms, conditions, limitations and requirements of the policy or any of the rights that either have to deny or limit coverage pursuant to the Policy should a decision be later made that coverage under the Policy exists in whole or part.

This reservation of rights as set forth above is based upon presently available information. Owners' position may change based upon new information, if appropriate. Should the Complaint be amended, or should you become aware of additional information not known at this time, you should immediately notify Owners and provide the information, including with a copy of any amended Complaint, service papers or other documents, as required by the Policy, so that a coverage determination may be made at that time, if appropriate.

Owners trusts your understanding of the above-stated reservation of rights is clear. However, should you disagree with Owners' position, please promptly communicate your notice of disagreement to the undersigned in writing within ten (10) business days of your receipt of this letter. Likewise, if disagree with Owners defending you in this matter under a reservation of rights, please notify the undersigned in writing within ten (10) business days of your receipt of this letter.

If you wish to discuss this matter in further detail, please feel free to contact me at the phone number or email above.

Sincerely,

Cole Walters
Field Claim Representative
Southern Casualty Claims Branch

Page Intentionally Blank